Maurice D. DUNN, William T. Dunn, Dunn Bros., Inc., Dunn & Dunn, Inc., Pic-Pac Food Store-Southgate, Inc., and Pic-Pac Food Stores, Inc., Plaintiffs-Appellants,

v.

RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL–CIO, LOCAL 1529, Retail Clerks Internationl Association, Earl Wilson, Leon Sheppard, Richard M. Gross, Amon Hatch, Peter L. Hall, Clyde C. Shaver, Jr., John J. A. Reynolds, Jr., Billy M. Gibson and William R. Magruder, Defendants-Appellees.

No. 14899.

United States Court of Appeals Sixth Circuit.

March 16, 1962.

Robert L. Taylor, Lloyd C. Kirkland, Jr., Taylor & Taylor, Memphis, Tenn., for plaintiffs-appellants.

Anthony J. Sabella, Memphis, Tenn., Marcel Mallet-Prevost, N. L. R. B., Washington, D. C., Henry L. Jalette, Regional Atty., N. L. R. B., Memphis, Tenn., for defendants-appellees.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This case is before us on the application of appellants for an injunction pending appeal.

The prayer of the application is that this Court issue a mandatory injunction requiring appellee John J. A. Reynolds, Jr., who is Regional Director of the National Labor Relations Board, "to petition the United States District Court, Western District of Tennessee, Western Division, for an injunction enjoining Respondent labor unions, their officers, servants, agents and employees, and those acting for, with or in concert or association with them from picketing Petitioners' stores for recognition purposes until such time as said labor unions, or either of them, is certified by the National Labor Relations Board as the sole and exclusive bargaining agent of Petitioners' employees of the appropriate unit."

"In the alternative, Petitioners pray that the Court 'treat as done that which ought to be done' and issue an injunction directly enjoining Respondent labor un-

ions, union officers, agents, servants and employees, from picketing Petitioners' stores for recognition purposes until such time as Respondent labor unions, or either of them, shall have been certified as the sole and exclusive bargaining agent of Petitioners' employees of the appropriate unit."

The District Judge, in an opinion appearing on thirty-six pages of the record denied the motion for temporary injunction and granted motions of the defendants to dismiss the complaint on the ground that he had no jurisdiction to grant the relief prayed for. He also denied an application for a mandatory injunction pending appeal.

The relief prayed for here is much broader than a mere restraining order preserving the status quo. We are asked pending appeal to order the Regional Director of the National Labor Relations Board to file a complaint against a labor union charging the commission of an unfair labor practice and an action for injunction in the District Court to restrain the union from picketing or in the alternative that this Court enjoin the union from picketing.

The Regional Director had jurisdiction to determine whether to file a complaint charging an unfair labor practice and to institute injunction proceedings in the District Court to restrain its commission. In so doing, he is called upon to exercise his discretion. Even if he filed such an action, the District Court could not grant an injunction without hearing the evidence and finding that there was reasonable cause to believe that the charge is true.

■ The mandatory order which appellants request is the ultimate relief sought in the District Court and in this appeal. To obtain such relief appellants would have to prevail on the merits of the case. We ought not to grant temporary relief which would finally dispose of the case on its merits. Communications Workers of America, AFL-CIO v. Ohio Bell Telephone Co., 160 F.Supp. 822, 823 (N.D. Ohio) affirmed 265 F.2d 221 (C.A.

6), cert. den'd 361 U.S. 814, 80 S.Ct. 52, 4 L.Ed.2d 61.

■ We think there is sufficient doubt about whether appellant will ultimately prevail as to make the granting of a mandatory injunction pending appeal inadvisable.

The motion for injunction pending appeal is, therefore, denied.